**BLD-313**                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2900
_____

IN RE:  THOMAS A. PROVENZANO,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-14-cv-01672)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 27, 2015

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Filed: September 9, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Thomas Provenzano is a Pennsylvania prisoner proceeding pro se.  On July 1,

2014, Provenzano filed a petition for writ of habeas corpus in the United States District

Court for the Middle District of Pennsylvania.[1]  By order entered March 13, 2015, the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] Provenzano initially filed his petition in the Eastern District of Pennsylvania, but the
matter was subsequently transferred to the Middle District.

District Court entered an order dismissing it in part and denying it in part. On May 28, 2015, Provenzano filed a motion for relief from judgment pursuant to Rules 60(a) and (b)(1) of the Federal Rules of Civil Procedure. On August 5, 2015, when more than two months had gone by without a ruling from the District Court, Provenzano filed the present petition for writ of mandamus asking this Court to compel the District Court to rule on his post-judgment motion. Shortly thereafter, on August 11, 2015, the District Court entered an order denying that motion.

Because Provenzano has now received the relief he seeks in his mandamus petition—namely, a ruling on his Rule 60 motion—we will dismiss his mandamus petition as moot.[2] See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

---

[2] To the extent that Provenzano asks this Court to provide him with copies of the District Court's March 13, 2015 opinion and order, he must direct this request to the District Court.